UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 4:13-CR-00189 |
| | ) |
| FINLANDIA PINEDA | ) |

PLEA AGREEMENT

Defendant Finlandia Pineda ("Defendant" or "Pineda"), represented by her counsel Matthew G. Midgett, and the United States of America, represented by Assistant United States Attorneys E. Greg Gilluly, Jr. and T. Shane Mayes, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges Defendant with being a felon in possession of firearms, in violation of Title 18, United States Code, Section 922(g)(1).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that Defendant knowingly possessed a firearm in or affecting interstate commerce; and (2) that before possessing the firearm, Defendant had been convicted of a felony – a crime punishable by imprisonment for more than a year.

Defendant agrees that she is, in fact, guilty of this offense and that the United States would have been able to prove each and every element of the offense beyond a reasonable doubt. She is pleading guilty because she is guilty. She agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning on or about April 15, 2013, continuing until in or about August 2013, in Effingham County, within the Southern District of Georgia and elsewhere, Defendant, together with Co-Defendant James Seyfried, Co-Defendant Elaine Taylor and others, knowingly possessed in and affecting interstate commerce, firearms, as described in indictment 4:13-CR189. Prior to April 15, 2013, Defendant was a convicted felon.

More specifically, Defendant does not dispute that had this matter proceeded to trial, the United States would have proved at trial the following facts beyond a reasonable doubt: That prior to April 15, 2013, Co-Defendant Elaine Taylor told Defendant and Co-Defendant James Seyfried that an individual, who resided in the Southern District of Georgia, owned gun safes that contained firearms and United States Currency. Defendant conspired to burglarize the victim's residence and steal the gun safes, the firearms and the currency. Defendant and co-conspirators rented equipment to use in the burglary, including a vehicle and a hydraulic dolly. Defendant and co-conspirators traveled from Florida to the Southern District of Georgia to commit the burglary. On or about April 15, 2013, Defendant and her co-conspirators burglarized the victim's home. They stole multiple items, including gun safes, firearms, silencers, and thousands of dollars from the victim. The firearms are accurately described in the indictment, and include pistols, shotguns, rifles, fully automatic assault rifles, and silencers. Defendant and her co-conspirators transported the firearms from Georgia to Florida.

At the time Defendant stole and possessed the weapons, she was a convicted felon. Upon her arrest on a complaint affiliated with the case, Defendant admitted her involvement. Defendant admitted, among other things, that she participated in the burglary, possessed the firearms (including automatic weapons), and transported the firearms across state lines. The firearms listed in the Indictment were manufactured outside the state of Georgia.

3.  <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following maximum possible penalties: not more than 10 years imprisonment, not more than 3 years of supervised release, a fine up to $250,000 and a mandatory $100 special assessment. However, if Defendant is deemed an Armed Career Criminal, as defined by Title 18, United States Code, Section 924(e)(because she has 3 prior felony drug convictions or violent crime felony convictions or a combination of both), then Defendant understands that she will be subject to not less than 15 years imprisonment and not more than life imprisonment, not more than 5 years of supervised release, a fine up to $250,000, and a $100 mandatory special assessment. Defendant agrees to pay the mandatory special assessment at sentencing.

4.  <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5.  <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing

3

Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Acceptance of Responsibility</u>

   The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a three-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, if applicable.

   b. <u>Use of Information</u>

   The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the defendant during her cooperation pursuant to this plea agreement will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

7. <u>Cooperation</u>

   a. <u>Complete and Truthful Cooperation Required</u>

   Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in her Indictment and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

   This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that Defendant's sentence be reduced.

8.    <u>Waivers</u>

    a.    <u>Waiver of Appeal</u>

Defendant explicitly and irrevocably waives his right to a direct appeal of her conviction and sentence on any ground except as follows: (1) that Defendant may file a direct appeal of his sentence if the district court enters a sentence above the sentencing guidelines, as calculated by the sentencing Court, (2) that Defendant may file a direct appeal of his sentence if the disctrict court enters a sentence above the statutory maximum, and (3) that Defendant may file a direct appeal of his sentence if the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

    b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information

Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  d. Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9. Required Financial Disclosure

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

10. Voluntary Restitution

Defendant agrees to pay full restitution to the burglary victim in this case.

11. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right

at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.  Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

13.  Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14.  Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

[signatures on following page]

|  |  |
|---|---|
|  | EDWARD J. TARVER<br>UNITED STATES ATTORNEY |
| 1-7-14<br>Date | _____<br>E. Greg Gilluly, Jr.<br>Assistant United States Attorney |
| _____<br>Date | _____<br>T. Shane Mayes<br>Assistant United States Attorney |

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set forth herein is true and accurate in every respect.

12-2-13
Date

Finlandia Pineda
Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

12/2/13
Date

Matthew G. Midgett
Defendant's Attorney

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 4:13-CR-00189 |
| | ) | |
| FINLANDIA PINEDA | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __16__ day of __April__ 2014.

_____
HON. B. AVANT EDENFIELD
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA