IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

FINLANDIA PINEDA,

    Defendant.

CASE NO.: 4:13-cr-189

# **O R D E R**

Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 (coronavirus) pandemic. Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release or to reduce their sentence. Defendant Finlandia Pineda, has filed such a motion seeking compassionate release. (Doc. 88.) The Court is not unsympathetic to Pineda's concerns. However, she must first petition the Bureau of Prisons ("BOP") to file a motion on her behalf before coming directly to the Court for the extraordinary relief she seeks. She has not done so. Thus, for the reasons explained below, the Court **DENIES** Pineda's Motion for Compassionate Release, (id.), **WITHOUT PREJUDICE,** and **GRANTS** the Government's Motion to Dismiss, (doc. 91).[1]

---

[1] The Court **GRANTS** the Government's Motion for Extension of Time to Respond to Pineda's Motion, (doc. 89), and considers the Response, (doc. 91), timely filed. Additionally, the Court **DENIES** Pineda's Motion, (doc. 90), requesting that the Court reverse deductions from her inmate trust account for the reasons stated in the Government's Response, (doc. 93), to that Motion. Further, the Court **DIRECTS** the Clerk of Court to mail a copy of this Order to Pineda at the Residential Reentry Management Office Miami at 401 N. Miami Avenue, Miami, FL 33128.

## BACKGROUND

After Pineda pleaded guilty to possessing firearms as a convicted felon, the Court sentenced her to 115 months' imprisonment in April of 2014. (Doc. 53.) Pineda was previously serving that sentence in the custody of the BOP at FCI Tallahassee located in Tallahassee, Florida with a projected release date of January 3, 2022. (Doc. 91, p. 2.) On October 20, 2020, Pineda filed the instant Motion asking to be released from incarceration. (Doc. 88.) Pineda maintained that the risk of transmission of COVID-19 within FCI Tallahassee when combined with her medical conditions created a substantial risk to her health. (Id. at pp. 3—4.) However, according to the BOP's inmate locator, it appears that Pineda has been transferred to a residential reentry center since the filing of her Motion. See https://www.bop.gov/inmateloc/ (last visited February 24, 2021.) Indeed, Pineda stated in her Motion that she was due to be transferred to home confinement on January 21, 2021. (Doc. 88, p. 4.)

The United States responded to Pineda's Motion by filing a Motion to Dismiss. (Doc. 91.) That Motion argues, among other things, that the Court must dismiss Pineda's request for compassionate release because she has not exhausted her administrative remedies. (Id.) The Government argues that, pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court can only consider Pineda's request for compassionate release after she requests that the BOP file such a request on her behalf and then wait for the BOP to either deny the request or fail to respond for thirty days. (Id. at pp. 10—11.)

## DISCUSSION

The First Step Act at 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only

the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The United States argues that Pineda cannot meet the first of these requirements—exhaustion of her administrative remedies—because she has failed to present her request for compassionate release to the Warden of her facility or anyone within the BOP. (Doc. 91, pp. 11–—12.) Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). In her Motion, Pineda did not address the exhaustion requirement, and she has not filed any response to the Government's Motion to Dismiss. Thus, she has not contested that she must pursue her administrative remedies prior to directly seeking compassionate release from this

3

Court, and she has not demonstrated that she has done so.[2] Because it is plainly evident that she has failed to meet this prerequisite, the Court must deny her Motion. Moreover, it appears that Pineda's Motion is now moot. As detailed above, she no longer resides at FCI Tallahassee, and

---

[2] It is unclear whether the Court may excuse a defendant's failure to fulfill Section 3582(c)(1)(A)'s administrative exhaustion requirements. The United States District Court for the Middle District of Florida explained that "[c]ourts around the country have been presented with the question of whether the administrative exhaustion or time provision may be waived and have reached different conclusions." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Ultimately, after reviewing precedential guidance from the United States Supreme Court and the statute itself, the court in Smith concluded that the exhaustion requirement of Section 3582(c)(1)(A) was mandatory and could not be excused. Id. Further, as to the "unique circumstances of the COVID-19 pandemic" specifically, the court found that a majority of district courts have found that those circumstances do not warrant waiver of the exhaustion requirement. Id. (collecting cases). The court in Smith followed those courts and found that the requirement was not waivable and denied the defendant's request for compassionate release due to his failure to exhaust. Id. at *4-5; see also United States v. Kranz, No. 2:18-CR-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020) (after considering the binding precedent cited above, the Court concludes that it cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)); Allen, 2020 WL 2199626, at *2 ("There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one.").

Nonetheless, other courts have found that the exhaustion requirement can be waived and have allowed some defendants who have not fully pursued their requests before the BOP to bring claims for compassionate release due to the COVID-19 pandemic. See, e.g., United States v. Pomante, No. 19-20316, 2020 WL 2513095, at *4 (E.D. Mich. May 15, 2020) ("due to the unique and unforeseen threat posed by the COVID-19 pandemic to this Defendant because of his specific health conditions, the exhaustion of administrative process can be waived"); United States v. Milner, No. 5:16-CR-32-5 (LAG-CHW), 2020 WL 2744088, at *3 (M.D. Ga. Apr. 20, 2020) (waiving exhaustion requirement where Defendant had multiple sclerosis and was unable, through no fault of his own, to submit his request for release to the warden); United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (in light of defendant's age and pre-existing conditions, "[his] exhaustion of the administrative process can be waived in light of the extraordinary threat posed—in his unique circumstances—by the COVID-19 pandemic"). However, those courts that have found that exhaustion requirements can be waived only allow waiver where: (1) pursuing administrative remedies would prejudice the defendant; (2) the administrative process would be inadequate because of some legitimate question as to whether the BOP could grant the requested relief; or (3) the BOP has been shown to have already determined the issue presented or otherwise have been biased against the defendant. See Milner, 2020 WL 2744088, at *3 (citing McCarthy v. Madigan, 503 U.S. 140, 146–48 (1992) and Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020)); Sawicz, 2020 WL 1815851, at *2.

Here, the Court need not wade into the debate over whether Section 3582(c)(1)(A)'s exhaustion requirement is waivable. Even if the requirement *can be waived* Defendant has not argued, much less established, that it *should be waived* on the specific facts of this case.

4

the basis of her Motion was the risk of transmission within that facility.  Thus, mootness provides another basis for the denial of her Motion.

## CONCLUSION

Based upon the foregoing, the Court **DENIES WITHOUT PREJUDICE** Defendant Finlandia Pineda's Motion for Release, (doc. 88), and **GRANTS** the Government's Motion to Dismiss, (doc. 91).

**SO ORDERED**, this 26th day of February, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA